**BLD-178**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2404
_____

IN RE: TODD ANTHONY ROBINSON,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-22-cv-01223)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 5, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: September 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

      In July 2024, Todd Robinson filed a pro se petition for a writ of mandamus, asking

us to direct the District Court to rule on his petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, or in the alternative, to issue our own ruling on his habeas petition.

After Robinson filed the mandamus petition, the District Court entered a memorandum

and order denying his habeas petition. In light of the District Court's action, this

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").[1]

---

[1] Robinson has appealed from the District Court's dismissal of his habeas petition. That appeal is pending at C.A. No. 24-2579 and will be considered separately.